UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14035-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DENNIS BIRDSALL,

     Defendant.

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before this Court upon an Order of Reference from the District Court for this Court to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above referenced case. Having conducted a change of plea hearing on August 19, 2019, this Court recommends to the District Court as follows:

     1.     On August 19, 2019, this Court convened a hearing to permit the Defendant to change his plea in this criminal case. At the hearing's outset, this Court advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. This Court advised the Defendant that it was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. This Court advised the Defendant that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence and will schedule and conduct the Sentencing Hearing.

     2.     This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing but could request a United States District

Judge to conduct the change of plea hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3.      This Court conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.      There is a written Plea Agreement which has been entered into by the parties in this case.  This Court reviewed that Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement.  This Court reviewed with the Defendant the possible maximum penalties as set forth in the Plea Agreement.  The Defendant acknowledged that he understood the charges against him and the possible maximum penalties which could be imposed in this case.

5.      The Defendant pleaded guilty to Count One of the Indictment, which charges him with conspiring to harbor aliens for the purpose of commercial advantage in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

6.      The parties submitted a written Stipulated Factual Basis, which was signed by counsel for the government, counsel for the Defendant, and the Defendant.  The Defendant acknowledged that he has read the Stipulated Factual Basis and discussed it with his attorney. The Defendant further acknowledged that he completely understands the Stipulated Factual Basis and agrees that it accurately sets forth the facts in his case as he understands them to be. This Court finds that the factual basis sets forth all of the essential elements of the crimes to which the Defendant is pleading guilty.

7.      The Plea Agreement states that "[t]he property subject to forfeiture includes a forfeiture money judgment in the sum of $170,943.00 in United States currency, which sum

represents the amount of gross proceeds the defendant obtained as a result of his commission of the offense charged in Count I of the Indictment." (DE 65 at ¶7). The Defendant agrees in the plea agreement to satisfy the money judgment in the form of a certified check for $170,943.00 made payable to Homeland Security Investigations on or before August 19, 2019. This Court notes that Defendant – through counsel – provided a check to the government in the amount of $170,943.00 at the plea hearing held on August 19, 2019.

8.      The Plea Agreement contains an appeal waiver in which Defendant waives his right to appeal matters relating to forfeiture only. This Court explained the appeal waiver to Defendant. Defendant acknowledged that he has read the appeal waiver, has discussed it with his attorney, and understands that by entering the plea agreement and entering a plea of guilty, he has waived or given up his right to appeal any matter relating to forfeiture in this case. As a result, this Court recommends to the District Court that Defendant be found to have knowingly and voluntarily waived his right to appeal matters relating to forfeiture.

9.      Based on the foregoing and the plea colloquy that this Court conducted, this Court recommends to the District Court that the Defendant be found to have freely and voluntarily entered his guilty plea to Count One of the Indictment, as more particularly described herein, and that the Defendant be adjudicated guilty of that offense.

10.     The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes. This Court notes that the Sentencing Hearing is set for **Tuesday, October 23, 2019 at 11:00 a.m. before District Judge Robin L. Rosenberg in Courtroom 4008 at the United States District Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida**.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's plea of guilty to Count One of the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure Rule 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this ____day of August, 2019.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE